**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

KINEMATIC TECHNOLOGIES, INC.,

                             **Plaintiff,**

    vs.                                              1:13-CV-01153
                                                         (MAD/CFH)

**BRENTON, LLC and PRO MACH
GROUP, INC.,**

                             **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OFFICE OF MICHAEL T. BROCKBANK**<br>1494 Wendell Avenue<br>Schenectady, New York 12308<br>Attorney for Plaintiff | **MICHAEL T. BROCKBANK, ESQ.** |
| **THOMPSON, HINE LAW FIRM**<br>335 Madison Avenue - 12th Floor<br>New York, New York 10017-4611<br>Attorney for Defendants | **BARRY M. KAZAN, ESQ.** |
| **THOMPSON, HINE LAW FIRM**<br>312 Walnut Street, Suite 1400<br>Cincinnati, OH 45202-4089<br>Attorney for Defendants | **ROBERT P. JOHNSON, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

On May 28, 2013, Plaintiff commenced this action in New York State Supreme Court, in Schenectady County. *See* Dkt. No. 14-5. In the complaint, Plaintiff asserts a claim of breach of contract based on Defendants' failure to pay Plaintiff a commission due on the Chobani Project. *See id.* In the complaint, Plaintiff seeks an award in the amount of $1,050,000.00, as a proper commission from Defendants. *See id.* On September 16, 2013, Defendants removed this action

to this Court based on complete diversity of citizenship after Defendant Jordan Company, LP was removed from the action. *See* Dkt. No. 1. Defendants filed their answer to Plaintiff's original complaint with the Notice of Removal. *See id.*

On October 21, 2013, Plaintiff filed a demand for jury trial. *See* Dkt. No. 5. At a telephone conference on April 23, 2015 setting the trial date for this case, the Court *sua sponte* raised the issue of whether this case would be a jury or bench trial because Plaintiff's demand for a jury trial was not filed within fourteen (14) days of removal.

Rule 38(b) (1) of the Federal Rules of Civil Procedure requires a party seeking a jury trial to submit a demand in writing "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). A party waives its right to a jury trial if a demand is not timely served. Fed. R. Civ. P. 38(d). Rule 39(b) permits a district court to use its discretion in granting an untimely demand for jury trial; however, the Second Circuit has "constrained this discretion and requires more than just 'inadvertence' to justify ordering a jury trial despite noncompliance with Rule 38." *Lum v. Discovery Capital Mgmt., LLC*, 625 F. Supp. 2d 82, 83-84 (D. Conn. 2009) (citing, inter alia, *Noonan*, 375 F.2d 69, 70 (2d Cir. 1967)).

Jury demands in cases that have been removed from state court are governed by Rule 81. That Rule sets forth three scenarios and the deadlines for jury demand in each. First, where a party has already claimed a right to a jury trial in state court, that party need not renew that demand in federal court after removal. *See* Fed. R. Civ. P. 81(c)(3)(A). Second, where applicable state law concludes that no express jury demand is necessary for the cause of action pled, then a party need not make a demand after removal unless or until the district court so orders. *Id.* Third, where all pleadings in a case were filed before removal, a party must make its jury demand within fourteen days of the notice of removal. Fed. R. Civ. P. 81(c)(3)(B).

The Second Circuit has recognized that cases that have been removed to the federal court from the New York Supreme Court fall within a well-recognized "gray area" and are not expressly governed by the scenarios set forth in Rule 81(c). *E.g., Cascone v. Ortho Pharmaceutical Corp.*, 702 F.2d 389, 391 (2d Cir. 1983); *Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir. 1975). The applicable New York law provides no specific time frame for filing a jury demand in the state court; thus, a jury demand may be filed even at an advanced stage of the proceeding, and judges retain broad discretion to permit late jury demands absent undue prejudice. *See* N.Y. C.P.L.R. § 4102 (requiring jury demand upon the filing of the note of issue); *Lum*, 625 F. Supp. 2d at 84. The Second Circuit has bought into the state concept and has held that "this discretionary right must be read into the language of Rule 81(c)." *Higgins*, 526 F.2d at 1007. Thus, the Second Circuit held in *Cascone* that,

> [a]lthough we may not overlook lack of compliance with the federal procedural rules in removed cases, there is nonetheless some "play in the joints" for accommodating a removed party who may not be at ease in the new surroundings imposed on him. In removed cases, the argument for applying the rigid *Noonan* constraints on the district court's discretion is simply not as strong.

*Cascone*, 702 F.2d at 392. Put another way, *Noonan's* direction that "mere inadvertence" is not an excuse for an untimely jury demand is inapplicable to removed cases. Rather, the Second Circuit has directed that district courts "ought to approach each application . . . with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied." *Id.* (quoting 9 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2334, at 116 (1971)).

Here the Court must address several factors, as initially set forth in *Higgins*, to determine whether an untimely demand for jury trial should be granted: (1) does the state court have broad

3

discretion in granting untimely jury demands; (2) are the claims traditionally tried to a jury; (3) whether the parties were operating on the assumption that the trial would be a bench trial; and (4) whether the party opposing the jury demand somehow consented to a jury trial or, if not, whether to allow a jury trial would be unduly prejudicial. *See Higgins*, 526 F.2d at 1007; *see also Ammirato v. Duraclean Int'l, Inc.*, CV 07–5204, 2009 WL 3823342, *1 (E.D.N.Y. Nov. 16, 2009) (citation omitted); *Lum*, 625 F. Supp. 2d at 84; *Zhao v. State Univ. of N.Y.*, No. 04–CV–210, 2008 WL 2949384 (E.D.N.Y. July 15, 2008).

In the present matter, the Court finds the factors weigh in favor of granting Plaintiff's untimely jury demand. As discussed, New York courts have broad discussion in granting this type of request and, in fact, the request would have been timely if this matter stayed in state court. Additionally, the demand for jury trial was filed on October 21, 2013, only thirty-five days after this case was removed and before the Court's Rule 16 conference with the parties. *See* Dkt. No. 5; *Lum*, 625 F. Supp. 2d at 84. Although Defendants expressed a desire for a bench trial during the telephone conference, they did not argue or demonstrate how any prejudice would befall them if the request for a jury trial was granted. Finally, the Court again notes that Plaintiff filed its demand for jury trial on October 21, 2013 and, until the Court raised the issue at the April 23, 2015 telephone conference, all parties were proceeding under the assumption that this matter would be tried by a jury.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's request for a jury trial in this matter is hereby **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 27, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge