**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KINEMATIC TECHNOLOGIES, INC.,**

                        **Plaintiff,**

vs.                                              1:13-CV-01153
                                                 (MAD/CFH)

**BRENTON, LLC**

                        **Defendant.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**OFFICE OF MICHAEL T. BROCKBANK**      **MICHAEL T. BROCKBANK, ESQ.**
1494 Wendell Avenue
Schenectady, New York 12308
Attorney for Plaintiffs

**THOMPSON, HINE LAW FIRM**              **BARRY M. KAZAN, ESQ.**
335 Madison Avenue - 12th Floor
New York, New York 10017-4611
Attorney for Defendants

**THOMPSON, HINE LAW FIRM**              **ROBERT P. JOHNSON, ESQ.**
312 Walnut Street, Suite 1400
Cincinnati, OH 45202-4089
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     On May 28, 2013, Plaintiffs Peter Nickel and Kinematic Technologies, Inc. commenced this action in New York State Supreme Court, in Schenectady County. *See* Dkt. No. 14-5. In the complaint, Plaintiffs assert a claim of breach of contract based on Defendants' failure to pay a commission due on a project for Agro Farm, later known as Chobani. *See id.* In the complaint, Plaintiffs seek an award in the amount of $1,050,000.00, as a commission from Defendants for his

work on the Chobani Project. *See id.* On September 16, 2013, Defendants removed this action to this Court based on complete diversity of citizenship after Defendant Jordan Company, LP was removed from the action. *See* Dkt. No. 1. Defendants' filed their answer to Plaintiffs' original complaint with the Notice of Removal. *See id.* In a March 11, 2015 Memorandum-Decision and Order, the Court granted in part Defendants' motion for summary judgment. *See* Dkt. No. 17. Specifically, the Court dismissed Plaintiff Peter Nickel and Defendant Pro Mach Group, Inc. *See id.*

Currently before the Court are Defendants' pretrial motions *in limine*. *See* Dkt. Nos. 27, 30 & 33.

## II. DISCUSSION

A.  **Standard of Review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.,* No. 94–cv–5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41–42.

**B.     Damage calculation testimony**

In its first motion *in limine*, Defendant seeks "an Order excluding from evidence testimony of Peter Nickel . . . , or any other witness called by the Plaintiff, regarding calculation of the commission allegedly owed to Plaintiff Kinematic Technologies, Inc. . . . , on the grounds that such testimony does not satisfy the requirements of FRE 701, is not admissible as expert testimony under FRE 703 and is not reasonably based upon any contract that may have been in effect between Brenton and Kinematic at the time the claim arose." Dkt. No. 28 at 4.

Rule 701 of the Federal Rules of Evidence provides that, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "It is the proponent of the lay opinion testimony who must satisfy the rule's three foundational requirements." *United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005).

In the present matter, the Court finds Defendant's arguments unpersuasive. The cases upon which Defendant relies are easily distinguishable. For example, in *Tse v. UBS Financial Services*, 568 F. Supp. 2d 274 (S.D.N.Y. 2008), the plaintiff attempted to prove her post-employment economic damages through her own testimony. The plaintiff improperly included a non-recurring signing bonus in her median salary. *See id.* at 306. Further, she failed to present any reasonable evidence in support of her claimed damages, and the evidence that was presented was misleading and overestimated her actual earned income. *See id.* at 308. Overturning the jury's award of damages, the court held that the plaintiff failed to meet her burden "to present a non-speculative basis for determining economic damages." *Id.*

Here, unlike the situation in *Tse*, Plaintiff is claiming that he is owed a commission on the equipment Defendant sold to Chobani, not back pay. Moreover, not once did the *Tse* court mention Rule 701 as a basis for its decision or that the plaintiff had been offering impermissible expert testimony. Rather, the court granted the motion for a new trial as to damages based on the "speculative and unreliable" nature of the evidence. *See Tse*, 568 F. Supp. 2d at 305.

Moreover, the Advisory Committee notes to the 2000 amendments, which added the language found in subsection (c), specifically carve out the lay opinion testimony of business owners or officers from subsection (c)'s exclusion, and explain that:

> most courts have permitted [owners and officers] to testify . . . without the necessity of qualifying the witness as an . . . expert. Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.

Fed. R. Evid. 701 Advisory Comm. Notes (citing *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190 (3d Cir. 1995)).

In *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd.*, 320 F.3d 1213 (11th Cir. 2003), the Eleventh Circuit held that the opinion testimony of a business owner or officer about the manner in which that company conducts its business, which is based on particularized knowledge she gained in her position, is properly treated as lay testimony and does not require that she be qualified as an expert under Rule 702. *See Tampa Bay*, 320 F.3d at 1222-23; *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 111 (2d Cir. 2003) (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3d Cir. 1993) (finding no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages where testimony was based on his knowledge and participation in the day-to-day affairs of the

4

business)).

The proposed testimony and exhibits are based on the manner in which Plaintiff conducted his business with Defendant, clearly helpful to determining a fact at issue, and not based on scientific, technical, or otherwise specialized knowledge within the scope of Rule 702. Accordingly, the Court denies Defendant's motion *in limine* regarding damage calculation testimony. Defendant, of course, will have a full opportunity to cross-examine Plaintiff regarding his calculation of damages.

**C.     Testimony relating to the contract status of the parties**

In its second motion *in limine*, Defendant seeks "an Order excluding from evidence lay opinion testimony of any non-party witnesses regarding their perception of the legal relationship between Brenton and Plaintiff . . . , on the grounds that such testimony does not satisfy the requirements of Federal Rule of Evidence 701." Dkt. No. 31 at 4. Plaintiff contends that he anticipates on witnesses testifying to their interactions with both parties. *See* Dkt. No. 40 at 2. With respect to the three requirements of Rule 701, Plaintiff asserts that "each witness can testify as to their personal perception since each of them was present at the Chobani project, albeit in different capacities. None of the witnesses on plaintiff's list of witnesses will be testifying about [anything] other than their own perceptions. Each witness will, it is averred, have opinions that are 'helpful to clearly understand the witness's testimony or to determining a fact in issue.' It is anticipated that, in addition to the plaintiff, a key witness for the plaintiff on this subject will be Dan Johnson, because he is a former officer of the defendant and has personal knowledge of the relationship between the defendant and the plaintiff." *Id.*

In light of Plaintiff's assertions, the Court will deny Defendant's motion without prejudice

to renew should Plaintiff or his witnesses' testimony run afoul of Rule 701. Plaintiff and its witnesses are reminded to limit their testimony and questions to those permissible under Rule 701.

**D.     Motion to preclude Plaintiff from introducing hearsay documents**

In its third motion *in limine*, Defendant seeks an order "excluding from evidence four documents produced by Plaintiff . . . on the ground that the documents contain inadmissible hearsay." Dkt. No. 34 at 4. The documents Defendant asks the Court to exclude are the "Meeting Minutes" and "Confidential Meeting Notes" taken by Plaintiff, apparently relating to the same meeting, a "List of Individuals" that Plaintiff created in anticipation of this litigation which describes Plaintiff's relationship or interactions with each individual, and an "Event Time Line," which is a list of events Plaintiff created, beginning in April 2011 and ending in April 2013. *See id.* Plaintiff contends that the time line is a summary of the materials that Plaintiff will use as trial exhibits and should be admitted since it can help the jury understand the underlying exhibits. *See* Dkt. No. 40 at 4 (citing *United States v. Conlin*, 551 F.3d 534 (2d Cir. 1977)). As to the work diary, Plaintiff contends that Mr. Nickel should be permitted to lay foundation for it and that he "will be able to testify as to its admissibility under Federal Rule 803 and 807." *Id.* As to the confidential meeting notes, Plaintiff asserts that the fact that the document is dated more than one year after the April 25, 2012 meeting to which they pertain does not make them untrustworthy because the date was simply altered by the computer when he printed the document. *See id.*

*1. The meeting minutes and confidential meeting notes*

Defendant contends that the meeting minutes and confidential meeting notes prepared by Plaintiff are inadmissible hearsay pursuant to Rule 802 of the Federal Rules of Evidence. *See* Dkt. No. 34 at 7. Further, Defendant argues that they do not fall within the business records

exception, as it has not been demonstrated that they were prepared in conformance with a regular practice of Kinematic's business, and the circumstances of their creation indicate a lack of trustworthiness. *See id.*

The business records exception to the hearsay rule provides for the admission of:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions . . . made at or near the time by . . . a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Fed. R. Evid. 803(6). "The purpose of the rule is to ensure that documents were not created for 'personal purpose[s] . . . or in anticipation of any litigation' so that the creator of the document 'had no motive to falsify the record in question.'" *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010) (quoting *United States v. Freidin*, 849 F.2d 716, 719 (2d Cir. 1988)). "We have stated that Rule 803(6) 'favors the admission of evidence rather than its exclusion if it has any probative value at all.'" *Id.* (quotations omitted).

In the present matter, both the meeting minutes and confidential meeting notes are out-of-court statements made by Mr. Nickel, offered for their truth. During his deposition, Mr. Nickel explained that he prepared the meeting minutes by choice, although no one asked him to, and that he e-mailed them to the individuals who attended the meeting. *See* Dkt. No. 35-1 at Exh. 2. According to Mr. Nickel, the meeting was attended by representatives from Chobani, Brenton, and Shuttleworth, who discussed the scope of the work that Brenton should include in its quote to Chobani. *See id.*

Although Defendant may be correct that Plaintiff cannot establish that the meeting minutes were taken in the regular course of business, Plaintiff will have the opportunity to lay that

7

foundation at trial. Accordingly, the Court will reserve on Defendant's motion as to the admissibility of the meeting minutes.

As to the confidential meeting notes, Mr. Nickel admitted that the document was not distributed to anyone, thereby making it "more akin to a personal diary rather than information maintained in the regular course of business." *Amerisource Corp. v. RXUSA Intern. Inc.*, No. 02-CV-2514, 2009 WL 235648, *3 (E.D.N.Y. Jan. 30, 2009). Moreover, the confidential meeting notes document is dated August 15, 2013, more than a year after the April 2012 meeting. Significantly, the date on the confidential meeting notes post-dates the filing of Plaintiff's complaint, which leads to the presumption that the document was either created or altered with an eye toward this litigation. Under the circumstances, the document is entirely untrustworthy and inadmissible under the business records exception. Alternatively, even if the Court found that the document was admissible under the business records exception, the Court finds that the confidential meeting notes are inadmissible pursuant to Rule 403. The information it contains can be presented through testimony, as well as other admissible evidence.

Based on the foregoing, the Court grants Defendant's motion as to the confidential meeting notes.

### 2. *Event time line and list of individuals*

Summary evidence is admissible only if the underlying documents upon which the summary is based is also admissible. *See BD v. DeBuono*, 193 F.R.D. 117, 129 (S.D.N.Y. 2000). Further, summaries may only be admitted as evidence if the trial court determines that the summaries "fairly represent and summarize the evidence upon which they are based." *United States v. Citron*, 783 F.2d 307, 316 (2d Cir. 1983).

In the present matter, Plaintiff has indicated that he is not planning on introducing the list of individuals at trial. Accordingly, that aspect of Defendant's motion is denied without prejudice.

As to the event time line, the Court is unable to determine at this time whether this summary fairly represents and summarizes the underlying evidence upon which it is based. Accordingly, the Court will reserve as to this portion of Defendant's motion.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion *in limine* regarding damage calculation testimony (Dkt. No. 27) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion *in limine* regarding lay opinion testimony relating to the contract status of the parties (Dkt. No. 30) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion *in limine* regarding hearsay documents (Dkt. No. 33) is **DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 6, 2015
    Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge